United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth Schurr, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20092-Civ-Scola |
| | ) |
| AIG Property Casualty Company, | ) |
| Defendant. | ) |

**Order Granting Motion to Dismiss Count Two of Complaint**

Plaintiff Kenneth Schurr alleges that Defendant AIG Property Casualty Company (breached an insurance contract by failing to cover damages suffered to his property. AIG filed a motion to dismiss count two of Schurr's complaint. (Def.'s Mot. to Dismiss, ECF No. 4.) AIG filed a response in opposition (Pl.'s Resp., ECF No. 7), and AIG filed a reply. (Def.'s Reply, ECF No. 8). For the reasons discussed below, this Court **grants** AIG's motion to dismiss count two of the amended complaint. (**ECF No. 4**).

### 1. Factual and Procedural Background

AIG Property Casualty Company ("AIG") issued an "All Risk" insurance policy to Schurr with effective dates of August 2, 2019 through August 2, 2020. In relevant part, the policy provides coverage in the event of fraud: "We will pay you…for loss of money…up to the applicable Limits of insurance shown in the schedule, resulting directly from fraud…perpetrated against you…during the Policy Period." (*Id.* ¶¶ 13, 14). The policy defines fraud as: "any other intentional perversion of truth by someone other than you or a family member perpetrated in order to induce you…to part with something of value." (*Id.* ¶ 15.)

Schurr was the victim of fraud during the policy period. Schurr executed a Note in favor of a non-party lender with a maturity date of December 20, 2019. (*Id.* ¶ 6.) On October 30, 2019, Schurr contacted the lender to request a payoff amount and wiring instructions. (*Id.* ¶ 7.) On November 5, 2019, Schurr received what he believed was an authentic email from the lender, which included the payoff amount and wiring instructions. (*Id.* ¶ 8.) On November 15, 2019, believing the email was authentic, Schurr instructed his bank to initiate a wire transfer from his personal account to the account identified in the email. Several days later, Schurr received a phone call from his lender seeking the status of the payment because none had been received. (*Id.* ¶ 11.) Schurr filed a claim under the policy, which AIG denied. (*Id.* ¶ 24.) Despite this, Schurr renewed the policy for the 2020-2021 period. (*Id.* ¶ 26.)

Schurr filed a two-count complaint for breach of contract and declaratory judgment in the Eleventh Judicial Circuit in and for Miami-Dade County. (ECF No. 1-1.) AIG removed the case to federal court on January 8, 2021, on grounds of diversity jurisdiction, alleging diversity of citizenship and claims in excess of $75,000. (Def.'s Mot. of Removal, ECF No. 1). AIG moved to dismiss count two of the complaint. (Def.'s Mot. to Dismiss, ECF No. 4.) In AIG's dismissal motion, it argues that count two should be dismissed for lack of standing under Article III of the Constitution and as duplicative of the breach of contract claim in count one. (*Id.* at 4-6). AIG argues that count two does not allege an actual controversy with respect to interpretation of the policy, instead, only asking the Court to decide whether coverage exists. AIG also argues that dismissal is appropriate because the declaratory relief claim in count two is duplicative of the breach of contract claim in count one. (*Id.* at 6).

### 2. Legal Standard

Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019). "Perhaps the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing." *Id.* (quoting *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1273 (11th Cir. 2001)). To establish standing, a party must show that he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by a favorable disposition. *Id.* AIG, not Schurr, invoked federal jurisdiction by removing the case. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). Specifically, that party "must demonstrate standing for each claim [the plaintiff] seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). That a plaintiff has standing to bring one claim does not save another claim for which he does not; "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).

Relatedly, the Declaratory Judgment Act "provides that a declaratory judgment may only be issued in the case of an actual controversy." *Id.* "In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the

future.'" *Id.* at 1210–11 (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

### 3. Plaintiff lacks standing under Article III of the Constitution

The first question before the Court is whether Schurr has standing under Article III of the Constitution.

The Court turns to the Eleventh Circuit's recent opinion *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353 (11th Cir. 2021) for guidance. In *Mack*, the plaintiff, while insured by the defendant, was involved in a car accident that rendered his vehicle a total loss. *Id.* at 1355. The defendant insurer covered the plaintiff's claim and paid the actual cash value of the vehicle. *Id.* The plaintiff argued that the insurer had breached the policy by failing to also pay him license and title transfer fees. *Id.* Mack then filed a class action complaint in Florida state court seeking damages for breach of contract and declaratory judgment determining whether the insurer was required to pay the challenged fees under the policy. *Id.* The insurer removed the action to federal court and moved to dismiss the complaint for lack of standing on the declaratory relief claims. The Eleventh Circuit vacated the district court's order of dismissal because Mack did not have standing to bring claims for declaratory relief. *Id.* at 1356. The court explained that if a plaintiff seeks *prospective* relief, such as a declaratory judgment, he must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 1356-57. Mack argued that he had a prospective injury because he and other class members were in doubt concerning their rights under the policy and because they were still insured by the defendant insurer, they could reasonably anticipate suffering another total loss in the future. *Id.* at 1357. The appellate court denied that argument citing to *A&M Gerber*, on which Schurr relies[1], reasoning that "the possibility that [a plaintiff] may someday be in another car accident ... and still be insured by [the insurance company] under the same or a similar policy being interpreted the same way, thereby having this issue present itself again ... is too contingent to constitute a 'substantial likelihood' of future injury." *Id.* (quoting A&*M Gerber*, 925 F.3d at 1215)).

Here too, Schurr argues that he has a prospective injury because he renewed the subject policy for the 2020-2021 term. Particularly, he argues that "[t]he prospect that the risk of another loss will materialize, and AIG will again deny coverage based on whatever 'interpretation' drove its denial in the past, is a second basis for the Court's jurisdiction." (Pl.'s Resp., ECF No. 7 at 6.) Indeed

---

[1] The Court notes that Schurr's response in opposition was filed two months before the Eleventh Circuit issued its decision in *Mack*.

the complaint alleges "Plaintiff is uncertain as to his rights under both the Policy at issue in this lawsuit and his new Policy and needs a determination by this Court of those rights by this Court…to determine if he needs to purchase alternative coverage." (ECF No. 1-1 ¶ 26.) The possibility of another fraudulent event not being covered under the renewed policy is not sufficient to establish the likelihood of future harm necessary to establish standing for a declaratory judgment claim. *Mack*, 994 F.3d at 1357. Likewise, Schurr's uncertainty as to whether he should renew the policy for a second time is insufficient to show standing. Accordingly, Schurr does not have standing to bring a claim for declaratory relief under the circumstances and count two is dismissed on this ground.

### 4. Plaintiff's declaratory relief claim is duplicative of Plaintiff's breach of contract claim.

AIG also argues that Schurr's declaratory relief claim should be dismissed because it is duplicative of his breach of contract claim. (Def.'s Mot. to Dismiss, ECF. No. 4 at 6.) Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (Altonaga, J.) (finding plaintiff's declaratory judgment claim could affect future payments or rate increases under the existing contract and so sought different relief than the plaintiff's breach of contract claim). Claims for declaratory judgment must look forward, rather than backward, as any retrospective declaratory judgment would be equally solved by resolution of the breach of contract claim. *Id.*

If the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed. *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-Civ, 2016 WL 4574919, at *5 (S.D. Fla. Sep. 1, 2016) (Goodman, Mag. J.) (quoting *Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1-2 (S.D. Fla. June 21, 2010) (Cooke, J.). "[T]wo concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy." *Kenneth F. Hackett & Associates, Inc. v. GE Capital Info. Tech. Solutions, Inc.*, No. 10–20715–CIV, 2010 WL 3981761, at *5 (S.D. Fla. Oct.8, 2010) (Altonaga, J.).

Count one of Schurr's complaint, alleging breach of contract, requests damages stemming from the fraudulent transfer, which AIG did not provide coverage for. (ECF No. 1-1 ¶¶ 21, 22.) In count two, AIG seeks a declaration of rights to determine whether the loss resulting from the fraud is covered by the insurance policy issued by AIG. (*Id.* ¶¶ 28, 29.) The determination of breach of contract claim of Schurr's complaint involves the same factual dispute as the declaratory judgment claim. Specifically, to what extent (if at all) the fraud perpetrated on Schurr is covered by the insurance policy. Simply, Schurr will be able to secure full, adequate, and complete relief through the breach of contract claim.

**5. Conclusion**

Based on the foregoing, the Court **grants** AIG's motion to dismiss. (**ECF No. 4)**.

**Done and ordered** in chambers, at Miami, Florida, on May 13, 2021.

Robert N. Scola, Jr.
United States District Judge