UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KENNETH SCHURR,

    Plaintiff,

v.                                                                                          CASE NO.: 1:21-CV-20092-RNS

AIG PROPERTY CASUALTY COMPANY,

    Defendant.
_____/

**DEFENDANT, AIG PROPERTY CASUALTY COMPANY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, Defendant, AIG PROPERTY CASUALTY COMPANY ("AIGPCC" or the "Defendant"), by and through its undersigned counsel, hereby responds to the correspondingly numbered paragraphs of the Complaint for Damages (the "Complaint") filed by Plaintiff, KENNETH SCHURR (the "Plaintiff"), as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that the Complaint purports to allege a cause of action for breach of contract and seeks damages in excess of $30,000.00. Defendant denies that Plaintiff is entitled to relief. Defendant states that due to the Court's Order Granting Motion to Dismiss Count Two of Complaint [DE 13], Plaintiff's Complaint no longer purports to allege a cause of action for declaratory relief. Defendant admits

the remaining allegations contained in Paragraph 1 for jurisdictional purposes only. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant admits that it issued a policy of insurance numbered PCG 0004384779 (the "Policy") to "Ken Schurr" for real property located in Miami-Dade County, subject to the Policy's terms, conditions, limitations, exclusions, and endorsements to coverage. The referenced Policy speaks for itself. Defendant is without knowledge as to the remaining allegations contained in Paragraph 2, which are therefore denied.

3. Defendant admits that it is a surplus lines carrier authorized to issue insurance policies in the State of Florida pursuant to the Florida Surplus Lines Law. Defendant further admits that it is an Illinois corporation that maintains its principal place of business in New York. Defendant denies the remaining allegations contained in Paragraph 3.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

4. Defendant admits that it issued a policy of insurance numbered PCG 0004384779 (the "Policy") to "Ken Schurr" for the property located at 6250 SW 92nd Street, Miami, Florida 33156 (the "Subject Property") for the period between August 2, 2019 and August 2, 2020, subject to the Policy's terms, conditions, limitations, exclusions, and endorsements to coverage. The referenced Policy speaks for itself. Defendant is without knowledge as to the remaining allegations contained in Paragraph 4, which are therefore denied.

5. Defendant admits that it issued the Policy to "Ken Schurr" for the Subject

Property for the period between August 2, 2019 and August 2, 2020, subject to the Policy's terms, conditions, limitations, exclusions, and endorsements to coverage. The referenced Policy speaks for itself. Defendant is without knowledge as to the remaining allegations contained in Paragraph 5, which are therefore denied.

6. Defendant is without knowledge as to the allegations contained in Paragraph 6, which are therefore denied.

7. Defendant is without knowledge as to the allegations contained in Paragraph 7, which are therefore denied.

8. Defendant is without knowledge as to the allegations contained in Paragraph 8, which are therefore denied.

9. Defendant is without knowledge as to the allegations contained in Paragraph 9, which are therefore denied.

10. Defendant is without knowledge as to the allegations contained in Paragraph 10, which are therefore denied.

11. Defendant is without knowledge as to the allegations contained in Paragraph 11, which are therefore denied.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant admits that the Policy contains a Fraud SafeGuard endorsement, which provides coverage for certain losses related to fraud, subject to the Policy's terms, conditions, limitations, exclusions, and endorsements to coverage. The referenced Policy speaks for itself. Defendant denies that Plaintiff is entitled to coverage under said endorsement.

7008637.1

14.     Defendant admits that the Policy contains the excerpted language. The referenced Policy speaks for itself.

15.     Defendant admits that the Policy contains the excerpted language. The referenced Policy speaks for itself.

16.     Defendant admits that the Policy lists "Ken Schurr" as the named insured. Defendant further admits that there are no other additional named insureds under the Policy. The referenced Policy speaks for itself.

17.     Defendant denies that Plaintiff is entitled to relief. Defendant admits the remaining allegations contained in Paragraph 17.

## **COUNT I – BREACH OF CONTRACT**

Defendant reasserts its responses to Paragraphs 1 through 17 as if fully set forth herein at length.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant admits that Plaintiff reported a claim to Defendant alleging a loss due to fraud and requested payment under the Policy. Defendant denies that the reported loss was covered by the Policy or that Plaintiff is entitled to relief.

20.     Defendant admits that it denied coverage for the reported loss pursuant to the terms, conditions, and exclusions of the Policy. Defendant denies the remaining allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

7008637.1

23. Defendant is without knowledge of the allegations contained in Paragraph 23, which are therefore denied.

## COUNT II – DECLARATORY RELIEF

Defendant reasserts its responses to Paragraphs 1 through 17 as if fully set forth herein at length.

24-30. Defendant states that due to the Court's Order Granting Motion to Dismiss Count Two of Complaint [DE 13], Plaintiff's Complaint no longer purports to allege a cause of action for declaratory relief. To the extent a response is necessary, Defendant denies the allegations contained in Paragraphs 24 through 30.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, AIG PROPERTY CASUALTY COMPANY ("AIGPCC" or the "Defendant"), hereby asserts the following Affirmative and Other Defenses to the Plaintiff's Complaint. By raising any affirmative defense, AIGPCC does not intend to shift the burden of proof on any issue to which the Plaintiff bears the burden.

## FIRST DEFENSE

AIGPCC asserts that Plaintiff's claimed damages, in whole or in part, are not covered under the terms of the Policy because the claimed damages were sustained by The Law Offices of Kenneth B Schurr PA, which is a separate legal entity and is not a named insured under the Policy. The Policy's Fraud SafeGuard Coverage [PCHO-FRDSG (09/06)] endorsement states in relevant part as follows:

**FRAUD SAFEGUARD**

**Insuring Agreements**

**A.     Fraud, Embezzlement or Forgery**

We will pay you or a **family member** for loss of **money, securities,** or **other property** up to the applicable Limits of Insurance shown in the schedule, resulting directly from **fraud**, **embezzlement**, **or forgery** perpetrated against you or a **family member** during the Policy Period. The loss must be discovered not later than ninety (90) days from the end of the Policy Period.

* * *

AIGPCC's investigation revealed that the funds allegedly lost as a result of the fraud were held and maintained in an account owned in the name of the Law Offices of Kenneth B Schurr PA at the time of the alleged fraudulent wire. The funds were therefore not owned and/or held by the named insured under the Policy but were instead owned and/or held by a separate legal entity. There is no obligation to indemnify any person or entity other than the named insured or a family member of the named insured.

### SECOND DEFENSE

AIGPCC asserts that Plaintiff's claimed damages, in whole or in part, are not covered under the terms of the Policy because such damages arose out of a business or professional service engaged in by the Plaintiff. The Policy's Fraud SafeGuard Coverage [PCHO-FRDSG (09/06)] endorsement states in relevant part as follows:

As respects FRAUD SAFEGUARD coverage provided by this endorsement:

This insurance does not provide coverage for liability, defense costs or any other cost or expense for:

* * *

    5.    Business Or Professional Services

> We do not cover any loss arising out of a **business** or professional service engaged in by you or a **family member**.

* * *

AIGPCC's investigation revealed that the alleged damage claimed by Plaintiff arose out of a business or professional service engaged in by the Plaintiff. The funds allegedly lost as a result of the fraud were held and maintained in an account owned in the name of a professional corporation, the Law Offices of Kenneth B Schurr PA, at the time of the alleged fraudulent wire. In addition, the account was used by the Plaintiff, either individually or in the name of the professional corporation, to engage in the business of money lending using funds in the subject account. There is no obligation under the Policy to indemnify a loss arising out of a business or professional service engaged in by the Plaintiff.

### **THIRD DEFENSE**

AIGPCC asserts that Plaintiff's claimed damages, in whole or in part, are not covered under the terms of the Policy because such damages arose out of an indirect loss. The Policy's Fraud SafeGuard Coverage [PCHO-FRDSG (09/06)] endorsement states in relevant part as follows:

> As respects FRAUD SAFEGUARD coverage provided by this endorsement:
>
> This insurance does not provide coverage for liability, defense costs or any other cost or expense for:

7008637.1

\* \* \*

7. Indirect Loss

We do not cover any loss that is an indirect result of any **fraud guard event** including but not limited to:

1. Your or a **family member's** inability to realize income that you would have realized had there been no loss or damage to **money**, **securities**, or **other property**;

2. Payment of damages of any type for which you or a **family member** are legally liable; or

3. Payment of costs, fees or other expenses you or a **family member** incur in establishing either the existence or the amount of loss under this endorsement other than those set forth under this endorsement.

\* \* \*

AIGPCC's investigation revealed that some or all of the alleged damage claimed by Plaintiff was suffered as an indirect result of the alleged fraud event. The funds allegedly lost as a result of the fraud were held and maintained in an account owned in the name of a professional corporation, the Law Offices of Kenneth B Schurr PA, at the time of the alleged fraudulent wire. To the extent the Plaintiff suffered any loss, said loss was an indirect result of the alleged fraud event. There is no obligation under the Policy to indemnify for an indirect loss suffered by the Plaintiff.

## FOURTH DEFENSE

AIGPCC asserts that the Plaintiff is barred from recovering all or some of the alleged damages for his failure to take reasonable, necessary, and appropriate steps to mitigate or avoid the claimed damages.

7008637.1

### FIFTH DEFENSE

AIPCC asserts that Plaintiff's claimed damages are limited by the Limit of Insurance, $100,000.00, outlined in the Fraud SafeGuard Coverage endorsement for Fraud, Embezzlement or Forgery, as well as the applicable Deductible, $250.00.

### SIXTH DEFENSE

AIPCC asserts that it is entitled to a set off of any proceeds received by Plaintiff, directly or indirectly, from any other source, including other insurance policies in the name of Plaintiff individually and/or the Law Offices of Kenneth B Schurr PA, as a result of the subject loss.

### RESERVATION OF RIGHTS

AIGPCC reserves the right to assert additional defenses to the Complaint in the future that may later be developed through discovery in the litigation of this matter.

### DEMAND FOR JURY TRIAL

AIGPCC, by and through its undersigned counsel, hereby demands trial by jury on all issues so triable as a matter of right and law.

**WHEREFORE**, Defendant requests that this Court enter judgment in its favor and award AIG PROPERTY CASUALTY COMPANY its taxable costs, and such other and further relief the Court deems just and equitable.

**Dated:** July 29, 2021

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By: */s/ Michael Raudebaugh*
MICHAEL RAUDEBAUGH ESQ.
FBN: 93803
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Tel: (813) 519-1024
mraudebaugh@clausen.com
aschaab@clausen.com
tweede@clausen.com
*Attorney for Defendant,*
*AIG Property Casualty Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2021, I electronically filed the foregoing document with the Clerk of Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

By: */s/ Michael Raudebaugh*
MICHAEL RAUDEBAUGH ESQ.
FBN: 93803

7008637.1